Filed 8/25/23  P. v. Hill CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CERON HILL,<br><br>Defendant and Appellant. | C097166<br><br>(Super. Ct. No. 06F02697) |

Defendant Ceron Hill appeals from an order denying his petitions to vacate his murder conviction under Penal Code section 1172.6.[1]  Appointed counsel for defendant has asked this court to conduct an independent review of the record to determine whether

---

[1]     Undesignated statutory references are to the Penal Code.

Defendant filed his petitions in February 2022 and April 2022 under former section 1170.95.  Effective June 30, 2022, former section 1170.95 was renumbered section 1172.6 with no change in text.  (Stats. 2022, ch. 58, § 10.)  We will refer to the statute by its current section number.

there are any arguable issues on appeal and defendant has filed a supplemental brief raising various arguments. (*People v. Wende* (1979) 25 Cal.3d 436; *People v. Delgadillo* (2022) 14 Cal.5th 216.) We have considered defendant's arguments and will affirm the trial court's order.

FACTUAL AND PROCEDURAL BACKGROUND

In 2009, a jury found defendant guilty of first degree murder (§ 187, subd. (a)) and found true an allegation that defendant personally and intentionally discharged a firearm, causing the victim's death. (§ 12022.53, subd. (d).) On direct appeal, we affirmed the judgment. (*People v. Hill* (Feb. 4, 2011, C063103) [nonpub. opn.].) We summarized the evidence from the trial, including that: the victim, Jack Lawrence, went to a donut shop the morning he was shot; defendant was seen as a passenger in a car that was driving slowly past, and making U-turns in front of, the donut shop; Lawrence was a member of a gang that defendant believed had shot at him in an earlier incident; a friend and fellow gang member warned Lawrence that defendant was in the vicinity; and as the friend was leaving a nearby store, the friend heard three shots and both he and Lawrence ran. The friend looked back and saw that the shooter was defendant. Lawrence was shot in the chest and collapsed and died later that day.

In February 2022, and again in April 2022, defendant filed petitions for resentencing under section 1172.6. In the petitions, he alleged his conviction was based on felony murder and murder under the natural and probable consequences doctrine, and he could not now be convicted because of changes made to sections 188 and 189, effective January 1, 2019.

The parties submitted briefing. The People attached the instructions given to the jury at trial and argued defendant could not have been convicted under any of the relevant theories, because the jury was not instructed on any of them. The People further argued the jury found true that defendant personally used a gun, and therefore defendant was not convicted under a natural and probable consequences theory, which is vicarious.

2

The trial court held a hearing in September 2022. The court denied the petitions, finding that since the jury was not instructed on the felony-murder rule or the natural and probable consequences doctrine, defendant's murder conviction could not have been based on those theories.

DISCUSSION

Defendant's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. Defendant filed a supplemental brief. We granted defendant's request for judicial notice with attached verdict forms and jury instructions, which we treated as a motion to incorporate by reference the underlying case.

The California Supreme Court has considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded such procedures are not required. (*People v. Delgadillo, supra*, 14 Cal.5th at pp. 221-222.) The Supreme Court laid out applicable procedures where a defendant has filed a supplemental brief: "[T]he Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Id*. at p. 232.)

Defendant raises several issues in challenging the trial court's denial of his section 1172.6 petitions: (1) certain verdict forms, including the form in which the jury found defendant guilty of murder, referred to felony murder; (2) two jury instructions, CALCRIM Nos. 520 and 3150, refer to a "natural and probable consequence"; and (3) defense counsel was deficient in failing to argue based on these jury instructions that defendant was convicted under the natural and probable consequences doctrine. We conclude none of defendant's claims have merit.

3

Defendant contends that he was convicted of felony murder because the verdict forms referenced felony murder, including the form in which the jury found defendant guilty of the "First Degree Felony Murder of Jack Lawrence." However, the jury was not instructed on felony murder. CALCRIM Nos. 540A through 540C, the pattern instructions on the felony-murder rule, likewise were not included in the instructions given to the jury in this case. (See *People v. Battle* (2011) 198 Cal.App.4th 50, 77.) Defendant cannot show that the jury convicted defendant on a theory on which it was not instructed. (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055 (*Soto*).) Indeed, multiple courts have held that where the jury was not instructed on felony murder or another theory imputing malice to a defendant, the defendant is ineligible for relief under section 1172.6. (See *People v. Daniel* (2020) 57 Cal.App.5th 666, 677; *People v. Cortes* (2022) 75 Cal.App.5th 198, 205; *People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

Moreover, the jury was instructed with CALCRIM No. 520, which stated that to convict defendant of murder, the People must prove that defendant committed an act that caused the death of another person and acted with express or implied malice. The felony-murder rule formerly provided an exception to the malice requirement. (*People v. Vang* (2022) 82 Cal.App.5th 64, 81; *People v. Lopez* (2023) 88 Cal.App.5th 566, 574.) Here, the jury was instructed that it had to find that defendant acted with malice to find him guilty of murder. We presume the jury followed the trial court's instructions as given. (See *People v. Anderson* (2007) 152 Cal.App.4th 919, 938; see also *People v. Covarrubias* (2016) 1 Cal.5th 838, 887.)

As for CALCRIM No. 520, it is understandable that the reference in this instruction to "natural consequences" in the definition of implied malice[2] might be

---

[2] CALCRIM No. 520, as given to the jury, provided in relevant part: "The defendant acted with *implied malice* if: [¶] 1. He intentionally committed an act; [¶] 2. The natural consequences of the act were dangerous to human life; [¶] 3. At the time he

4

confused with the doctrine of natural and probable consequences.  However, these are "distinctly different concepts."  (*Soto, supra*, 51 Cal.App.5th at p. 1056.)  Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437) (Stats. 2018, ch. 1015, § 4) "removed the natural and probable consequences doctrine as a basis for a murder conviction only insofar as it applied to *aider and abettor liability*."  (*People v. Roldan* (2020) 56 Cal.App.5th 997, 1004, italics added.)  "Senate Bill No. 1437 changed the circumstances under which a person could be convicted of murder *without* a showing of malice, but it did *not* exclude from liability persons convicted of murder for acting with implied malice.  [Citation.]"  (*Soto*, at p. 1057, italics added, fn. omitted.)  As explained in *People v. Daniel, supra*, 57 Cal.App.5th at page 677, footnote 4:  "In defining implied malice, CALCRIM No. 520 mentions the concept of the 'natural and probable consequences' of a defendant's *own* act.  The natural and probable consequences doctrine abolished by Senate Bill [No.] 1437, however, is a theory of vicarious liability under which '[a]n aider and abettor is guilty not only of the intended, or target, crime but also of any other crime a principal in the target crime actually commits (the nontarget crime) that is a natural and probable consequence of the target crime.'  [Citations.]"  Thus, CALCRIM No. 520 does not instruct jurors on the natural and probable consequences doctrine.

CALCRIM No. 3150 also includes the words "natural and probable consequence."[3]  But this instruction relates to the allegation that defendant personally and

---

acted, he knew his act was dangerous to human life; [¶] AND [¶] 4.  He deliberately acted with conscious disregard for human life.  [¶] . . . [¶]  An act causes death if the death is the direct, natural, and probable consequence of the act and the death would not have happened without the act.  A natural and probable consequence is one that a reasonable person would know is likely to happen if nothing unusual intervenes.  In deciding whether a consequence is natural and probable, consider all the circumstances established by the evidence."

[3]     CALCRIM No. 3150, as given to the jury, provided in relevant part:  "An act causes death if the death is the direct, natural, and probable consequence of the act and

5

intentionally discharged a firearm. The instruction is irrelevant without a predicate verdict on defendant's murder charge. Indeed, the first sentence of CALCRIM No. 3150 as delivered to defendant's jury is: "If you find the defendant guilty of [murder], you must then decide whether the People have proved the additional allegations that the defendant personally and intentionally discharged a firearm during that crime and, if so, whether . . . the defendant's act caused death." Several paragraphs later in CALCRIM No. 3150, the jury was instructed with the language that included the words "natural and probable consequence." That CALCRIM No. 3150 refers to a "natural and probable consequence" is irrelevant to defendant's section 1172.6 petitions. The instruction establishes that the words "natural and probable consequence" were unrelated to whatever findings the jury had to make regarding the murder charge.

Lastly, defendant contends that defense counsel was deficient for failing to argue that CALCRIM Nos. 520 and 3150 raised the possibility that he was convicted under the natural and probable consequences doctrine. To establish ineffective assistance of counsel, defendant must demonstrate that counsel's performance was deficient because it fell below an objective standard of reasonableness under prevailing professional norms, and that he was prejudiced thereby. (*People v. Lopez* (2008) 42 Cal.4th 960, 966.) As discussed, neither CALCRIM No. 520 nor CALCRIM No. 3150 instruct the jury on the natural and probable consequences doctrine. Counsel is not ineffective for failing to make an argument that wholly lacks merit. (See *People v. Solomon* (2010) 49 Cal.4th 792, 843, fn. 24; see also *People v. Cudjo* (1993) 6 Cal.4th 585, 616.) As also discussed, the jury could not have convicted defendant on a theory on which it was not instructed.

---

the death would not have happened without the act. A natural and probable consequence is one that a reasonable person would know is likely to happen if nothing unusual intervenes. In deciding whether a consequence is natural and probable, consider all the circumstances established by the evidence."

6

(*Soto, supra*, 51 Cal.App.5th at p. 1055.)  Therefore, no argument on the part of counsel would have changed the outcome.  There was no ineffective assistance of counsel.

DISPOSITION

The trial court's order denying the petitions is affirmed.


                       _____KRAUSE_____, J.



We concur:



\_\_\_\_DUARTE_____, Acting P. J.



\_\_\_\_BOULWARE EURIE\_\_, J.